No. 580

KLAER v. B. & O. R. R. CO.

No. 20509.     Supreme Court.

On motion to certify. Dock. 4-29-27; 5 Abs. 300.

**753. MEASURE OF DAMAGES**—When water is diverted so as to cause debris to fill up channel causing water to flow upon land of plaintiff, and Court of Common Pleas charges the measure of damages to be the difference between th valu of th land before and after the injury, was the Court of Appeals in error in stating the rule of damages as being the cost of restoring the land to its original condition by dredging the stream, where plaintiff claims cost of such dredging would be enormous?

Elizabeth Klear commenced an action against the B. & O. R. R. Co. alleging that in 1904 or 1905, Wheeling Creek, in a channel from 40 to 60 feet wide ran east of certain lots owned by her; that the company double tracked and cut a new channel west of these lots, beginning at the juncture of Steep Run, but instead of having Steep Run to flow into the main channel of Wheeling Creek, as it had always done, permitted it to flow into an abandoned channel of Wheeling Creek and turned one main stream of Wheeling Creek into a new channel.

It was further claimed that dirt, sediment, mud, etc., were carried down and dropped into the old channel of Wheeling Creek and that in 1918 to 1920, said channel instead of being 40 to 60 feet wide and four to eight feet deep, was filled up to the level, causing the water to flow over plaintiff's property.

A jury in the Belmont Common Pleas returned a verdict in favor of palintiff; the Court of Appeals affirmed the Common Pleas and later upon re-hearing reversed it for the reason that the trial court charged the jury that the measure of damages was the difference in value of the property before the injury and after the injury.

There was some little evidence to the effect that dredging the stream would have relieved the situation, and the Appeals took the view that if the property could be restored to its original condition, the measure of damages should have been the cost of restoring it.

It is contended in the Supreme Court, that the Court of Appeals erred in its measure of damages, and that this was a premanent injury because of the stream being filled up so that it is impossible to ever put the property in its original condition except at enormous expense.

Attorneys—Thomburg & Lewis for Klaer; W. T. Kinder for Company; all of St. Clairsville.

NOTE—Motion to certify overruled; 5 Abs. 400.